**09 CV 10370**

JUDGE BUCHWALD

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Molly A. Brooks (MB 2360)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli (JAF 9058)
Brian S. Schaffer (BSS 7548)
1250 Broadway, Suite 370
New York, New York 100
Telephone: (212) 300-0375

**DOC #**



## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ANTHONY WHITEHURST, KRISTEN
SCHIFFERDECKER, MARSHALL MAOR,
CHAO WILLIAMS, and WENDELL JORDAN, on
behalf of themselves and all others similarly
situated,

Plaintiffs,

-against-

CIPRIANI USA, INC.; CIPRIANI 200, LLC;
CIPRIANI 42ND STREET, LLC; CIPRIANI 42ND
STREET LESSEE, LLC; GC BALLROOM
OPERATOR, LLC; CIPRIANI 5TH AVENUE,
LLC; EXQUISITE STAFFING, LLC; CBI
PERSONNEL, INC.; CTI STAFFING, INC.; and
GIUSEPPE CIPRIANI,

Defendants.



**CLASS ACTION
COMPLAINT**

**Jury Trial Demanded**

Plaintiffs, Anthony Whitehurst, Kristen Schifferdecker, Marshall Maor, Chao Williams,

and Wendell Jordan, individually and on behalf of all others similarly situated, as class

representatives, upon personal knowledge as to themselves and upon information and belief as to

other matters, allege as follows:

### NATURE OF THE ACTION

1.      Cipriani USA, Inc. and its subsidiaries, Cipriani 200, LLC; Cipriani 42nd Street,

LLC; Cipriani 42nd Street Lessee, LLC; GC Ballroom Operator, LLC; and Cipriani 5th Avenue,

LLC; and Giuseppe Cipriani (collectively, "Cipriani") call themselves "premium event organizers, caterers and restaurant group" and claim to offer their customers "the world's most sought after social experiences," including "the finest of cuisine, impeccable attention to detail and classic service."

2.      Cipriani hosts events held by New York's social elites at four event spaces in New York City – Cipriani 42nd Street, Cipriani Wall Street, Cipriani 23rd Street, and the Rainbow Room (collectively, "Cipriani Event Spaces"). To staff these affairs, Cipriani has formed several staffing agencies that it controls, including Defendants Exquisite Staffing, LLC; CBI Personnel, Inc.; and CTI Staffing, Inc. (collectively, "Exquisite") (collectively with Cipriani, "Defendants"), that provide Cipriani with workers exclusively for events at Cipriani Event Spaces.

3.      When Cipriani contracts with its customers to hold events, it charges them a hefty service charge in addition to the cost of their food and drink, which Cipriani leads its customers to reasonably believe will go to the workers who provide their food and drinks. Defendants have also posted signs near the entrance of Cipriani Event Spaces that informed guests that they did not need to tip servers because tips were included. Cipriani sales agents have actually told some of its customers that service charge would be paid as gratuities to workers.

4.      In reality, however, Cipriani keeps the service charge itself and distributes none of it to the food service workers who staff these events. In *Samiento v. World Yacht Inc.,* 10 N.Y.3d 70 (2008), the New York Court of Appeals confirmed that this practice violates the New York Labor Law.

5.      Defendants also engage in a policy and practice of time-shaving. They simply erase time worked by Plaintiffs and their similarly situated co-workers from their time records and pay

2

them for fewer hours than they have worked.

6.    Pursuant to their policy and practice, Defendants also regularly require Plaintiffs and their similarly situated co-workers to work "off-the-clock" without compensation.

7.    Defendants also fail to pay Plaintiffs and their similarly situated co-workers call-in pay when they report to work and are sent home.

8.    Defendants also have failed to pay Plaintiffs for the purchase and maintenance of required uniforms.

9.    This lawsuit seeks to recover, among other things, minimum wages, misappropriated "services charges" and gratuities, call-in pay, and uniform expenses for Plaintiffs and their similarly situated co-workers.

10.   Plaintiffs bring this action on behalf of themselves and similarly situated current and former hourly employees of Exquisite who have worked as servers, bartenders, and other food service positions at Cipriani Event Spaces who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the minimum wage provisions of the FLSA.

11.   Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former hourly employees of Exquisite who have worked at Cipriani Event Spaces pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

12.   As third party beneficiaries of Cipriani's contracts with its customers, Plaintiffs also bring breach of contract claims against Defendants for the unpaid service charges on behalf of

3

themselves and all similarly situated current and former hourly employees of Exquisite.

13.     Plaintiffs also bring conversion and unjust enrichment claims against Defendants on behalf of themselves and all similarly situated current and former hourly employees of Exquisite to recover the unpaid service charges.

## THE PARTIES

### Plaintiffs

### Anthony Whitehurst

14.     Plaintiff Anthony Whitehurst ("Whitehurst") is an adult individual who is a resident of Sunnyside, New York.

15.     Whitehurst has been employed by Defendants as a server and bartender from approximately November 2007 through the present and has worked at Cipriani 42nd Street, Cipriani Wall Street, Cipriani 23rd Street, and the Rainbow Room.

16.     Whitehurst is a covered employee within the meaning of the FLSA and the NYLL.

### Kristen Schifferdecker

17.     Plaintiff Kristen Schifferdecker ("Schifferdecker") is an adult individual who is a resident of Sunnyside, New York.

18.     Schifferdecker was employed by Defendants as a server and bartender from approximately October 2006 through May 2008 and worked at Cipriani 42nd Street, Cipriani Wall Street, and Cipriani 23rd Street.

19.     Schifferdecker is a covered employee within the meaning of the FLSA and the NYLL.

### Marshall Maor

20.     Plaintiff Marshall Maor ("Maor") is an adult individual who is a resident of Bronx,

4

New York.

21.     Maor was employed by Defendants as a server from approximately April 2007
through approximately April 2008 and worked at Cipriani 42nd Street, Cipriani Wall Street,
Cipriani 23rd Street, and the Rainbow Room.

22.     Maor is a covered employee within the meaning of the FLSA and the NYLL

## Chao Williams

23.     Plaintiff Chao Williams ("Williams") is an adult individual who is a resident of
Jersey City, New Jersey.

24.     Williams was employed by Defendants as a bartender from approximately September
2007 through May 2008 and worked at Cipriani 42nd Street and Cipriani Wall Street.

25.     Williams is a covered employee within the meaning of the FLSA and the NYLL.

## Wendell Jordan

26.     Plaintiff Wendell Jordan ("Jordan") is an adult individual who is a resident of
Brooklyn, New York.

27.     Jordan was employed by Defendants as a server and co-captain from approximately
October 2006 through approximately July 2008 and worked at Cipriani 42nd Street, Cipriani
Wall Street, and Cipriani 23rd Street.

28.     Jordan is a covered employee within the meaning of the FLSA and the NYLL.

29.     Written consent forms for named plaintiffs Whitehurst, Schifferdecker, Maor,
Williams, and Jordan are filed as Exhibit A to this Complaint.

## The Defendants

### Cipriani Entities

30.     Cipriani USA, Inc., operates or has operated Cipriani 200, LLC; Cipriani 42nd Street,

5

LLC; Cipriani 42nd Street Lessee, LLC; GC Ballroom Operator, LLC; and Cipriani 5th Avenue, LLC in New York City (collectively, the "Cipriani Entities").

31. Cipriani USA, Inc. is or has been a parent company of the Cipriani Entities.

32. Exquisite Staffing, LLC is the successor corporation of CBI Personnel, Inc. and CTI Staffing, Inc. as of January 2009.

## Joint Employer Relationship Between Cipriani and Exquisite

33. Cipriani and Exquisite are covered employers within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees and are liable to Plaintiffs and similarly situated employees.

34. Cipriani and Exquisite are part of a single integrated enterprise that jointly employed Plaintiffs and similarly situated employees at all times relevant.

35. Exquisite Staffing, LLC and CBI Personnel, Inc. staff Plaintiffs and their similarly situated co-workers only at Cipriani Event Spaces and Cipriani-hosted events.

36. Plaintiffs attended trainings at Cipriani Event Spaces.

37. Defendants have acted with a high degree of interrelated and unified operations, in that they shared common management, centralized control of labor operations, common ownership, common control over the business operations, common business purposes, and interrelated business goals.

38. Cipriani and Exquisite share workers including Plaintiffs and their similarly situated co-workers for the purpose of staffing events held at Cipriani Event Spaces.

39. Cipriani and Exquisite have the power to set policies governing Plaintiffs and their similarly situated co-workers for work performed at Cipriani Event Spaces. For example, the Exquisite Staffing policies (which Exquisite employees are asked to sign when they begin their

employment) state: "I fully understand all aspects of table training and I agree to abide by any rules and regulations that Exquisite Staffing and Cipriani have established. I am familiar w/ the procedures, service standards, code of conduct and uniform code."

40.     Cipriani and Exquisite share control over the same employees. For example, maitre d's who are Cipriani employees and who supervise Plaintiffs' work at Cipriani Event Spaces often send Exquisite employees home if they violate one of Cipriani's rules or regulations. Cipriani employees also have the power to discipline Exquisite employees and do in fact send them home for uniform violations.

41.     Cipriani Maitre d's have fired Exquisite employees.

42.     Cipriani and Exquisite employ some of the same supervisors.

43.     Exquisite Staffing, LLC shares a common principal executive office with the Cipriani Defendants.

### Giuseppe Cipriani

44.     Giuseppe Cipriani is an adult individual who is a resident of New York, New York.

45.     Giuseppe Cipriani is the owner, President, and Chief Executive Officer of Cipriaini USA, Inc.

46.     Giuseppe Cipriani is the Managing Member of the Cipriani Entities.

47.     Giuseppe Cipriani possesses operational control over the Cipriani Entities.

48.     Giuseppe Cipriani has had the power to hire, fire, and discipline employees, including Plaintiffs and similarly situated employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment. At all relevant times, Giuseppe Cipriani has had the power to stop illegal pay practices that harmed Plaintiffs and similarly situated employees.

7

49.    Giuseppe Cipriani has been present at events at Cipriani Event Spaces, particularly

larger events, and has monitored and directed employees in both the front of and back of the

house.

50.    In a 2007 article about Giuseppe Cipriani, a reporter for Fortune Magazine described

Giuseppe Cipriani at an event held at 42nd Street:

> [Giuseppe] Cipriani heads down a stairway to a basement kitchen. Here, 100 waiters in
> white dinner jackets are poised to load up their platters with filet mignon, haricots verts
> and roast potatoes. "Eight and a half minutes," he says, not estimating but announcing
> how long it will take for all the waiters to get the grub on the table . . . .
>
> Giuseppe moves between the staff below-stairs and celebrities above with the confidence
> that comes from being the third generation of his family in the hospitality business . . . .
> "To me running a restaurant is the same as having a guest in your house: You need to
> make people feel comfortable."

51.    Giuseppe Cipriani has had the power to determine Plaintiffs' compensation policies

and practices, including, but not limited to, time-keeping and payroll policies, and policies

governing the allocation of tips and/or gratuities.

52.    Giuseppe Cipriani has had the authority to control the finances of Cipriani USA, Inc.

For example, in 2007, Giuseppe Cipriani pled guilty of tax evasion on behalf of Cipriani USA,

Inc.

53.    Giuseppe Cipriani, Cipriani 42nd Street, LLC; Cipriani 42nd Street Lessee, LLC; and

Cipriani 5th Avenue, LLC have shared the address 110 East 42nd Street, New York, New York.

54.    Giuseppe Cipriani is a covered employer within the meaning of the FLSA and the

NYLL, and, at all relevant times employed Plaintiffs and similarly situated employees.

**Corporate Information**

55.    Cipriani USA, Inc. is a Delaware foreign business corporation doing business in New

York with a with a principal executive office located at 110 East 42nd Street, New York, New

8

York, 10017.

56.     Cipriani 200, LLC is a domestic limited liability company organized and existing under the laws of New York with a principal executive office located at 110 East 42nd Street, New York, New York, 10017. Cipriani 200, LLC operates the Cipriani 23rd Street event space.

57.     Cipriani 42nd Street, LLC is a domestic limited liability company organized and existing under the laws of New York with a principal executive office located at 110 East 42nd Street, New York, New York, 10017.

58.     Cipriani 42nd Street Lessee, LLC is a Delaware limited liability company with a principal executive office located at 110 East 42nd Street, New York, New York, 10017. Cipriani 42nd Street Lessee, LLC operates the Cipriani 42nd Street event space.

59.     GC Ballroom Operator, LLC is a domestic limited liability company organized and existing under the laws of New York with a principal executive office located at 110 East 42nd Street, New York, New York, 10017. GC Ballroom Operator, LLC operates the Cipriani Wall Street event space.

60.     Cipriani 5th Avenue, LLC is a domestic limited liability company organized and existing under the laws of New York with a principal executive office located at 110 East 42nd Street, New York, New York, 10017. Cipriani 5th Avenue, LLC operates the Rainbow Room.

61.     Exquisite Staffing, LLC is a domestic limited liability company organized and existing under the laws of New York with a principal executive office located at 110 East 42nd Street, Suite 802, New York, New York, 10017.

62.     CBI Personnel, Inc. is a domestic business corporation organized and existing under the laws of New York with a registered address for service of process at 331 Madison Avenue, New York, New York, 10017.

9

63.    CTI Staffing, Inc. is a domestic business corporation organized and existing under the laws of New York with a principle executive office at 331 Madison Avenue, New York, New York, 10017.

64.    At all times relevant, Cipriani USA, Inc.'s annual gross volume of sales made or business done was not less than $500,000.

65.    At all times relevant, Cipriani 200, LLC's annual gross volume of sales made or business done was not less than $500,000.

66.    At all times relevant, Cipriani 42nd Street, LLC's annual gross volume of sales made or business done was not less than $500,000.

67.    At all times relevant, Cipriani 42nd Street Lessee, LLC's annual gross volume of sales made or business done was not less than $500,000.

68.    At all times relevant, GC Ballroom Operator, LLC's annual gross volume of sales made or business done was not less than $500,000.

69.    At all times relevant, Cipriani 5th Avenue, LLC's annual gross volume of sales made or business done was not less than $500,000.

70.    At all times relevant, Exquisite Staffing, LLC's annual gross volume of sales made or business done was not less than $500,000.

71.    At all times relevant, CBI Personnel, Inc.'s annual gross volume of sales made or business done was not less than $500,000.

72.    At all times relevant, CTI Staffing, Inc.'s annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

73.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337,

10

diversity jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

74.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

75.     The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

76.     At least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

77.     Plaintiffs' claims involve matters of national or interstate interest.

78.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

79.     Venue is proper in the Southern District of New York pursuant to

28 U.S.C. § 1391(b)(2). A substantial part of the events or omissions giving rise to the claims occurred in this District.

## CLASS ACTION ALLEGATIONS

80.     Plaintiffs bring the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action, NYLL and common law claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of

> all persons who have worked as hourly service workers who performed work at Cipriani Event Spaces and worked for Exquisite Staffing, LLC; CBI Personnel, Inc.; and/or CTI Staffing, Inc. between December 21, 2003 and the date of final judgment in this matter (the "Rule 23 Class").

81.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during

11

the class period has had, a controlling interest in any Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

82. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

83. The size of the Rule 23 Class is at least 100 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

84. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

85. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a) whether Defendants violated NYLL Article 6, §§190 *et seq.,* and Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 137, as alleged herein;

(b) whether Defendants failed to keep true and accurate time and pay records for all hours worked by its employees, and other records required by the NYLL;

(c) whether Defendants demanded, handled, pooled, counted, distributed, accepted and/or retained service charges paid by customers to whom Defendants represented that such service charges were intended for Plaintiffs and the Rule 23 Class and which customers reasonably believed to be gratuities for Plaintiffs and the Rule 23 Class;

(d) whether Defendants failed to provide Plaintiffs and the Rule 23 Class call-in or show up pay as required by the NYLL;

(e) whether Defendants failed to pay the Plaintiffs and the Rule 23 Class for uniform-related expenses;

12

(f) whether Defendants failed to comply with the posting and notice requirements of the NYLL;

(g) whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL;

(h) whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(i) the nature and extent of class-wide injury and the measure of damages for those injuries.

86. The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and all the Rule 23 Class members work, or have worked, for Defendants as hourly food service employees at Exquisite. Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the NYLL to keep the gratuities they earn, to be paid for all hours worked, to be paid call-in pay, and to be reimbursed for the cost of uniforms and uniform-related expenses. Plaintiffs and Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

87. Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class members. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiffs and the Rule 23 Class members.

88. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by

13

individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

89.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COLLECTIVE ACTION ALLEGATIONS

90.     Plaintiffs bring the First Cause of Action, the FLSA claim, on behalf of themselves and all similarly situated persons who have worked as hourly service workers who performed work at Cipriani Event Spaces and worked for Exquisite between December 21, 2006 and the date of final judgment in this matter who elect to opt-in to this action (the "FLSA Collective").

91.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs. Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

92.     Plaintiffs and the members of the Rule 23 Class and the FLSA Collective (collectively "Class Members") have been victims of Defendants' common policy and plan that

14

has violated their rights under the FLSA, the NYLL, and New York common law, by denying

them a proper minimum wage, service charges, and other wages. At all times relevant,

Defendants' unlawful policy and pattern or practice has been willful.

93.     As part of their regular business practice, Defendants have intentionally, willfully,

and repeatedly harmed Plaintiffs and the Class Members by engaging in a pattern, practice,

and/or policy of violating the FLSA and/or the NYLL as described in this Class Action

Complaint. This policy and pattern or practice includes, but is not limited to the following:

(a) failing to pay Plaintiffs and the Class Members the service charges they earned and
    that Defendants' customers reasonably believed would go to the food service
    employees, including Plaintiffs and Class Members;

(b) retaining the service charges earned by Plaintiffs and the Class Members;

(c) failing to pay Plaintiffs and Class Members call-in pay that they earned;

(d) failing to pay Plaintiffs and the Class Members at least at the applicable minimum
    hourly wage rate under the FLSA and the NYLL for all hours worked;

(e) failing to pay Plaintiffs and the Class Members their wages at their agreed hourly pay
    rates for all hours worked or required to be compensated by law;

(f) failing to keep accurate and adequate records of wages paid to Plaintiffs and the Class
    Members, deductions taken from their wages, allowances or other credits taken by
    Defendants, gratuities, and hours worked by Plaintiffs and the Class Members as
    required by the FLSA and the NYLL; and

(g) failing to comply with the posting and/or notice requirements of the FLSA and the
    NYLL.

94.     Defendants' unlawful conduct described in this Complaint has been pursuant to a

corporate policy or practice of minimizing labor costs and denying employees compensation by

knowingly violating the FLSA and NYLL.

15

95. Defendants' unlawful conduct has been widespread, repeated, and consistent. Upon information and belief, Defendants' policies and practices described in this Class Action Complaint were centrally promulgated and uniform.

96. Defendants' unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the Class Members.

97. Defendants' deceptive conduct prevented Plaintiffs and the Class Members from discovering or asserting their claims any earlier than they did.

## PLAINTIFFS' FACTUAL ALLEGATIONS

98. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs individually as follows.

### Anthony Whitehurst

99. Defendants did not pay Whitehurst the proper minimum wage for all of the time that he was suffered or permitted to work each workweek.

100. Defendants did not inform Whitehurst of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

101. Defendants uniformly denied wages to Whitehurst, by requiring him to perform "off the clock" work.

102. Defendants did not allow Whitehurst to retain all the service charges he earned.

103. Defendants unlawfully demanded, held, retained, or received portions of the service charges that Whitehurst earned.

104. Defendants unlawfully redistributed part of Whitehurst's service charges to employees in positions that are not entitled to tips under the FLSA and/or NYLL.

16

105. Defendants did not keep accurate records of wages or tips earned, or of hours worked by Whitehurst.

106. Defendants did not compensate Whitehurst for the cost of a required uniform or for the cleaning, care, and maintenance of that uniform.

**Kristen Schifferdecker**

107. Defendants did not pay Schifferdecker the proper minimum wage for all of the time that she was suffered or permitted to work each workweek.

108. Defendants did not inform Schifferdecker of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

109. Defendants uniformly denied wages to Schifferdecker, by requiring her to perform "off the clock" work.

110. Defendants did not allow Schifferdecker to retain all the service charges she earned.

111. Defendants unlawfully demanded, held, retained, or received portions of the service charges that Schifferdecker earned.

112. Defendants unlawfully redistributed part of Schifferdecker's service charges to employees in positions that are not entitled to tips under the FLSA and/or NYLL.

113. Defendants did not keep accurate records of wages or tips earned, or of hours worked by Schifferdecker.

114. Defendants did not compensate Schifferdecker for the cost of a required uniform or for the cleaning, care, and maintenance of that uniform.

**Marshall Maor**

115. Defendants did not pay Maor the proper minimum wage for all of the time that he was suffered or permitted to work each workweek.

116. Defendants did not inform Maor of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

117. Defendants uniformly denied wages to Maor, by requiring him to perform "off the clock" work.

118. Defendants did not allow Maor to retain all the service charges he earned.

119. Defendants unlawfully demanded, held, retained, or received portions of the service charges that Maor earned.

120. Defendants unlawfully redistributed part of Maor's service charges to employees in positions that are not entitled to tips under the FLSA and/or NYLL.

121. Defendants did not keep accurate records of wages or tips earned, or of hours worked by Maor.

122. Defendants did not compensate Maor for the cost of a required uniform or for the cleaning, care, and maintenance of that uniform.

123. Defendants did not pay Maor for call-in pay that he earned.

**Chao Williams**

124. Defendants did not pay Williams the proper minimum wage for all of the time that she was suffered or permitted to work each workweek.

125. Defendants did not inform Williams of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

126. Defendants uniformly denied wages to Williams, by requiring him to perform "off the clock" work.

127. Defendants did not allow Williams to retain all the service charges he earned.

18

128.    Defendants unlawfully demanded, held, retained, or received portions of the service charges that Williams earned.

129.    Defendants unlawfully redistributed part of William's service charges to employees in positions that are not entitled to tips under the FLSA and/or NYLL.

130.    Defendants did not keep accurate records of wages or tips earned, or of hours worked by Williams.

131.    Defendants did not compensate Williams for the cleaning, care, and maintenance of a uniform that Defendants required him to wear.

132.    Defendants did not pay Williams call-in pay that he earned.

**Wendell Jordan**

133.    Defendants did not pay Jordan the proper minimum wage for all of the time that he was suffered or permitted to work each workweek.

134.    Defendants did not inform Jordan of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

135.    Defendants uniformly denied wages to Jordan, by requiring him to perform "off the clock" work.

136.    Defendants did not allow Jordan to retain all the service charges he earned.

137.    Defendants unlawfully demanded, held, retained, or received portions of the service charges that Jordan earned.

138.    Defendants unlawfully redistributed part of Jordan's service charges to employees in positions that are not entitled to tips under the FLSA and/or NYLL.

139.    Defendants did not keep accurate records of wages or tips earned, or of hours worked by Jordan.

140.    Defendants did not compensate Jordan for the cost of a required uniform or for the

cleaning, care, and maintenance of that uniform.

141.    Defendants did not pay Jordan call-in pay that he earned.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

142.    Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

143.    Defendants failed to pay Plaintiffs and the Class Members the minimum wages to

which they are entitled under the FLSA.

144.    Defendants have engaged in a widespread pattern, policy, and practice of violating

the FLSA, as detailed in this Class Action Complaint.

145.    At all times relevant, Plaintiffs and the Class Members were engaged in commerce

and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e),

(m) and 206(a).

146.    At all times relevant, Plaintiffs and the Class Members were or have been employees

within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

147.    At all times relevant, Defendants have been employers engaged in commerce and/or

the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

148.    Defendants were required to pay directly to Plaintiffs and the Class Members the

applicable federal minimum wage rate for all hours worked.

149.    Defendants were not eligible to avail themselves of the federal tipped minimum wage

rate under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but not

limited to 29 C.F.R. § 531.50 *et seq.*, because Defendants failed to inform Plaintiffs and the

20

Class Members of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m) and Defendants did not permit Plaintiffs and the Class Members to retain all tips they received, in violation of the FLSA, 29 U.S.C. § 203(m).

150.    Upon information and belief, Defendants unlawfully kept the service charges that should have been paid to Plaintiffs and the Class Members to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

151.    Defendants uniformly denied wages to Plaintiffs, by requiring them to perform "off the clock" work. Defendants' deliberate failure to pay employees their earned wages violates the FLSA.

152.    Defendants required Plaintiffs and the Class Members to spend their own money on work-related items, which further reduced their wages below the required minimum wage.

153.    As a result of Defendants' violations of the FLSA, Plaintiffs and the Class Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

154.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

21

155.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION

### New York Labor Law Article 6 – Unlawful Tip Retention
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

156.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

157.    At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees within the meaning of NYLL §§ 190, *et seq.*, and any supporting New York State Department of Labor regulations.

158.    At all times relevant, Defendants have been an employer within the meaning of NYLL §§ 190, *et seq.*, and any supporting New York State Department of Labor regulations.

159.    At all times relevant, Defendants have been an employer, agent, and/or an officer within the meaning of NYLL § 196-d and any supporting New York State Department of Labor regulations.

160.    The wage payment provisions of Article 6 of the NYLL and any supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs and the members of the Rule 23 Class.

161.    Defendants unlawfully retained service charges earned by Plaintiffs and the Class Members in violation of the NYLL and supporting New York State Department of Labor Regulations.

162.    By Defendants' knowing or intentional demand for, acceptance of and/or retention of the service charges paid by customers when entering into a service contract with Defendants when such customers had a reasonable expectation that such service charges would be paid to

22

Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated NYLL

Article 6, § 196-d and the supporting New York State Department of Labor Regulations,

including, but not limited to, the regulations in 12 N.Y.C.R.R. § 137-2.5.

163. Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule

23 Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees,

costs, and pre-judgment and post-judgment interest. Plaintiffs do not seek liquidated damages

under the NYLL on behalf of the Rule 23 Class but reserve their right to do so depending on the

United States Supreme Court's ruling in *Shady Grove Orthopedic Associates, P.A. v. Allstate*

*Insurance Company*.

## THIRD CAUSE OF ACTION

### New York Labor Law Article 19 – Minimum Wages
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

164. Plaintiffs reallege and incorporate by reference all allegations in all preceding
paragraphs.

165. Defendants failed to pay Plaintiffs and the members of the Rule 23 Class the minimum
wages to which they are entitled under the NYLL.

166. Defendants have engaged in a widespread pattern, policy, and practice of violating the
NYLL, as detailed in this Class Action Complaint.

167. At all times relevant, Plaintiffs and the members of the Rule 23 Class have been
employees and Defendants have been employers within the meaning of the NYLL

§§ 190, 651(5), 652 and the supporting New York State Department of Labor Regulations.

168. The minimum wage provisions of Article 19 of the NYLL and the supporting New
York State Department of Labor regulations apply to Defendants and protect the Plaintiffs and
the members of the Rule 23 Class.

23

169. Defendants were required to pay Plaintiffs and the members of the Rule 23 Class a minimum wage at a rate of (a) $6.75 per hour for all hours worked from May 2006 through December 31, 2006; (b) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; and (c) $7.25 per hour for all hours worked from July 24, 2009 to the present under the NYLL § 652 and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §137-1.2.

170. Defendants failed to pay Plaintiffs and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

171. By Defendants' knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class minimum hourly wages, they have willfully violated the NYLL Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §137-1.2.

172. By Defendants' knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class minimum hourly wages, they have willfully violated the NYLL Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 137.

173.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 Class but reserve their right to do so depending on the United States Supreme Court's ruling in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company.*

## FOURTH CAUSE OF ACTION

### New York Labor Law Article 6 – Unpaid Wages
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

174.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

175.    The provisions of NYLL Article 6 §§ 190 *et seq.* of the NYLL and its supporting regulations apply to Defendants and protect the Plaintiffs and the Class Members.

176.    Defendants have engaged in a pattern, practice, and policy of failing to compensate Plaintiffs and the Class Members at their agreed regular rates of pay for all hours either worked or required to be compensated by the terms of Defendants' employment agreements with the Plaintiffs and the Class Members.

177.    Defendants' failure to pay Plaintiffs and the Class Members their wages at their agreed hourly pay rates for all hours worked or required to be compensated by law violates the NYLL Article 6, §§ 190 *et seq.*

178.    Due to Defendants' violations of the NYLL, the New York Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest. Plaintiffs do not seek liquidated damages under the NYLL.

## FIFTH CAUSE OF ACTION

### New York Labor Law – Call-In Pay
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

179.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

180.    Defendants failed to pay Plaintiffs and the Class Members the required minimum amount of call-in pay for all days on which they reported for duty.

181.    Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are
entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees and costs of
the action, and pre-judgment and post-judgment interest.

182.    Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23
Class but reserve their right to do so depending on the United States Supreme Court's ruling in
*Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company*.

## SIXTH CAUSE OF ACTION

### New York Labor Law – Uniform Violations
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

183.    Plaintiffs reallege and incorporate by reference all allegations in all preceding
paragraphs.

184.    Defendants failed to reimburse Plaintiffs and the Class Members for the cost of the
uniforms they purchased in violation of NYLL Article 6, § 193 and the supporting New York
State Department of Labor Regulations.

185.    Defendants failed to launder or maintain the required uniforms for Plaintiffs and the
Class Members and failed to pay them the required weekly amount in addition to the required
minimum wage.

186.    Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are
entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees and costs of
the action, and pre-judgment and post-judgment interest.

187.    Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23
Class but reserve their right to do so depending on the United States Supreme Court's ruling in
*Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company*.

## SEVENTH CAUSE OF ACTION

### Breach of Contract
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

188.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

189.    Defendants entered into contracts ("the Contracts") with banquet customers under which Plaintiffs and members of the Class were intended third-party beneficiaries.

190.    Based on the terms set forth in the Contracts, banquet customers agreed to pay a service charge. Customers reasonably believed that this service charge would be paid as a gratuity to be paid to Plaintiffs and the Class Members.

191.    Defendants breached the Contracts by retaining, redistributing and/or sharing all of the service charges received by Plaintiffs with employees who are not entitled to tips under the NYLL and supporting New York State Department of Labor Regulations.

192.    Accordingly, Defendants are liable to Plaintiffs and members of the class for unpaid service charges while employed by Defendants for the Class Period, plus an additional payment of interest and any other compensation permitted by the Court.

## EIGHTH CAUSE OF ACTION

### Quantum Meruit/Unjust Enrichment
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

193.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

194.    Plaintiffs performed services for Defendants in good faith and reasonably expected that Defendants would pay them the tips and gratuities charged to customers.

195.    In the food service industry, servers, bartenders, and other food service employees customarily and typically receive tips and gratuities.

27

196.    Defendants accepted those services from Plaintiffs but did not pay Plaintiffs any

portion of the service charges charged to customers.

197.    Defendants have been unjustly enriched by the amount of service charges, which they

have received from customers but have not paid to Plaintiffs.

198.    Accordingly, Defendants are liable to Plaintiffs and members of the class for unpaid

service charges while employed by Defendants for the Class Period, plus an additional payment

of interest and any other compensation permitted by the Court.

## NINTH CAUSE OF ACTION

### Conversion
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

199.    Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

200.    The service charges were intended by customers to be paid to Plaintiffs and similarly

situated employees as compensation for their services.

201.    Defendants did not pay Plaintiffs or similarly situated employees the service charges

and instead retained the monies in their own accounts.  The monies in Defendants' accounts are

under the Defendants' dominion and control, to the exclusion of Plaintiffs' and similarly situated

employees' property rights.

202.    Accordingly, Defendants are liable to Plaintiffs and members of the class for the

unpaid service charges Defendants have retained during the Class Period, plus an additional

payment of interest and any other compensation permitted by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly

situated persons, seek for the following relief:

28

A.          That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly food service employees at Exquisite. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.          Defendants be held jointly and severally liable for unpaid misappropriated service charges, interest, and other unpaid wages pursuant to NYLL Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 Class but reserve their right to do so depending on the United States Supreme Court's ruling in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company*);

C.          Defendants to be held jointly and severally liable for unpaid minimum wages, and unpaid call-in pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

D.          Defendants to be held jointly and severally liable for unpaid service charges for breach of contract, unjust enrichment, and conversion pursuant to New York State laws;

E.          Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

F.          Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

G.          Issuance of a declaratory judgment that the practices complained of in this

Class Action Complaint are unlawful under NYLL Article 6, §§ 190 *et seq.* and NYLL Article

19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

  H.  Pre-judgment interest and post-judgment interest;

  I.  An injunction requiring Defendants to pay all statutorily required wages

pursuant to the NYLL;

  J.  Reasonable attorneys' fees and costs of the action; and

  K.  Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all questions of fact raised by this Class Action Complaint.

Dated:  New York, New York
    December 21, 2009

        Respectfully submitted,
        **OUTTEN & GOLDEN LLP**
        By:

        Justin M. Swartz (JS 7989)

        **OUTTEN & GOLDEN LLP**
        Justin M. Swartz (JS 7989)
        Molly A. Brooks (MB 2360)
        3 Park Avenue, 29th Floor
        New York, New York 10016
        Telephone: (212) 245-1000

        **FITAPELLI & SCHAFFER, LLP**
        Joseph A. Fitapelli (JAF 9058)
        Brian S. Schaffer (BSS 7548)
        1250 Broadway, Suite 3701
        New York, New York 10001
        Telephone: (212)300-0375

        **Attorneys for Plaintiffs and the Putative Class**

30

## FAIR LABOR STANDARDS ACT CONSENT

I consent to be a party plaintiff in a lawsuit against Cipriani 200, LLC; Cipriani 42nd Street
Lessee, LLC; GC Ballroom Operator, LLC, and Cipriani 5th Avenue, LLC; Exquisite Staffing,
LLC; CBI Personnel, Inc., CTI Staffing, Inc.; Giuseppe Cipriani, and/or related entities and
individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29
U.S.C. §216 (b). I hereby designate Outten & Golden LLP and Fitapelli & Schaffer, LLP to
represent me in such a lawsuit.

_Marshall Marr_
Signature

_Marshall Marr_
Full Legal Name (print)

REDACTED

Address

REDACTED

City, State                                    Zip Code

EXH. A

## FAIR LABOR STANDARDS ACT CONSENT

I consent to be a party plaintiff in a lawsuit against Cipriani 200, LLC; Cipriani 42nd Street Lessee, LLC; GC Ballroom Operator, LLC; and Cipriani 5th Avenue, LLC; Exquisite Staffing, LLC; CBI Personnel, Inc.; CTI Staffing, Inc.; Giuseppe Cipriani; and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b). I hereby designate Outten & Golden LLP and Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

Signature

Chao Williams

Full Legal Name (print)

REDACTED

Address

REDACTED

City, State                          Zip Code

## FAIR LABOR STANDARDS ACT CONSENT

I. consent to be a party plaintiff in a lawsuit against Cipriani USA Inc., CBI Personnel Inc., and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act. pursuant to 29 U.S.C. §216 (b). I hereby designate Fitapelli & Schaffer. LLP and Outten & Golden LLP to represent me in such a lawsuit.

_Kristen Schifferdecker_

ᵕnature

Kristen Schifferdecker

Full Legal Name (Print)

REDACTED

Address

REDACTED

City, State        Zip Code

## FAIR LABOR STANDARDS ACT CONSENT

I consent to be a party plaintiff in a lawsuit against Cipriani 200, LLC; Cipriani 42nd Street lessee, LLC; GC Ballroom Operator, LLC; and Cipriani 5th Avenue, LLC; Exquisite Staffing, LLC; CBI Personnel, Inc.; CTI Staffing, Inc.; Giuseppe Cipriani; and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Acts, pursuant to 29 U.S.C. §216 (b). I hereby designate Outten & Golden LLP and Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

Anthony Whitehurst

Signature

Anthony Whitehurst

Full Legal Name (Print)

REDACTED

Address

REDACTED

City, State          Zip Code

## FAIR LABOR STANDARDS ACT CONSENT

I consent to be a party plaintiff in a lawsuit against Cipriani 200, LLC; Cipriani 42nd Street Lessee, LLC; GC Ballroom Operator, LLC; and Cipriani 5th Avenue, LLC; Exquisite Staffing, LLC; CBI Personnel, Inc.; CTI Staffing, Inc.; Giuseppe Cipriani; and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b). I hereby designate Outten & Golden LLP and Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

Signature

Full Legal Name (print)

REDACTED

Address

REDACTED

City, State                              Zip Code